IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In the Matter of the | ) | CIV. NO. 11-00171 SOM/BMK |
| Complaint of SAILING SHIPPS, | ) | |
| LTD., dba GEMINI CHARTERS, | ) | ORDER DENYING SUMMARY |
| | ) | JUDGMENT, AND DISMISSING THE |
| Plaintiff, | ) | LIMITATION ACTION AND LIFTING |
| | ) | INJUNCTION |
| vs. | ) | |
| | ) | |
| JASON ALCONCEL, | ) | |
| | ) | |
| Defendant/Claimant, | ) | |
| _____ | ) | |

**ORDER DENYING SUMMARY JUDGMENT, AND
DISMISSING THE LIMITATION ACTION AND LIFTING INJUNCTION**

I.        **INTRODUCTION.**

This action seeks a limitation of liability pursuant to

the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512

("Limitation Act"), which limits a ship owner's liability for

someone's injuries to the value of the ship if the owner had no

knowledge of conditions that caused the injuries and was not in

privity with the actor who caused the injuries.

Defendant Jason Alconcel, who fell off of a zodiac boat

while at sea, is seeking damages in state court from the

corporation that owns the zodiac, Plaintiff Sailing Shipps, Ltd.,

and from Chimo Shipp, who owns part of Sailing Shipps and who

operated the zodiac.  Sailing Shipps seeks application of the

Limitation Act.

Alconcel now moves for summary judgment on the ground
that, because Chimo Shipp is a part-owner of Sailing Shipps,
Sailing Shipps must have had knowledge of the conditions that
caused Alconcel's injury or must be deemed to have been in
privity with Chimo Shipp.  Because the court cannot, on the
present record, conclude that limitation is out of the question,
the court denies Alconcel's summary judgment motion.

In the alternative, Alconcel asks this court to allow
his negligence claim to proceed in state court by lifting the
injunction this court entered earlier restraining all other legal
proceedings against Sailing Shipps relating to Alconcel's
injuries.  Alconcel also seeks a stay of this limitation action
pending resolution of the negligence claim.  Identifying no
prejudice to Alconcel if this action is dismissed instead of
stayed, the court dismisses this action without prejudice.  Once
the state court proceedings have been fully adjudicated, Sailing
Shipps may refile its claim in this court, as described in the
Conclusion of this order.

II.        FACTUAL AND PROCEDURAL BACKGROUND.

On February 22, 2008, Chimo Shipp, Jason Alconcel, and
two other friends took a zodiac boat owned by Sailing Shipps from
Lahaina Harbor, on the island of Maui, to a beach in Kaanapali,
Maui.  Def. Jason Alconcel's Separate and Concise Statement of
Facts in Supp. of Mot. for Summ. J. at 4, ECF No. 47 ("Alconcel

Facts"). While at sea, Alconcel fell backward off of the zodiac's rubber pontoon-like edge when Chimo Shipp, the driver of the boat, allegedly made a wide turn. Id. at 5-6. Alconcel was allegedly sucked under the zodiac and hit the zodiac's propeller. Id. at 6. He suffered head injuries as a result. Alconcel's Facts Ex. 2 (Deposition of Chimo Shipp) at 90:24-91:5, ECF No. 49-1.

The zodiac is owned by Sailing Shipps. Alconcel Facts at 2. Sailing Shipps is a Hawaii corporation half-owned by Melany Shipp and half-owned by her three adult children, including Chimo Shipp. Id. at 1. Chimo Shipp owns one-third of one-half of Sailing Shipps. Pl.'s Concise Statement of Facts in Opp. to Claimant's Mot. for Summ. J. at 6, ECF No. 55.

On February 18, 2011, Alconcel filed a negligence action in Hawaii state court against Sailing Shipps and Chimo Shipp. Alconcel Facts at 6. On March, 15, 2011, Sailing Shipps filed the present action, seeking exoneration from or limitation of its liability under 46 U.S.C. § 30505 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. On March 16, 2011, in accordance with Rule F(3), this court enjoined the further prosecution of any action against Sailing Shipps arising out of the incident in issue. See ECF No. 11.

Alconcel now seeks summary judgment on the limitation issue and dissolution of the injunction. In the alternative, he

3

asks that this court allow his state court negligence action to
proceed by staying this limitation action pending resolution of
his negligence claim.

### III.    SUMMARY JUDGMENT STANDARD.

Summary judgment shall be granted when "the movant
shows that there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law." Fed.
R. Civ. P. 56(a).  A moving party has both the initial burden of
production and the ultimate burden of persuasion on a motion for
summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos.,
210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to
identify for the court "the portions of the materials on file
that it believes demonstrate the absence of any genuine issue of
material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors
Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp.
Catrett, 477 U.S. 317, 323 (1986)); accord Miller v. Glenn Miller
Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006).  "A fact is
material if it could affect the outcome of the suit under the
governing substantive law." Miller, 454 F.3d at 987.  When the
moving party bears the burden of proof at trial, that party must
satisfy its burden with respect to the motion for summary
judgment by coming forward with affirmative evidence that would
entitle it to a directed verdict if the evidence were

uncontroverted at trial.  Id. (quoting C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc., 213 F.3d 474, 480 (9th Cir. 2000)).  When the nonmoving party bears the burden of proof on one or more issues at trial, the party moving for summary judgment may satisfy its burden with respect to those issues by pointing out to the court an absence of evidence from the nonmoving party.  Miller, 454 F.3d at 987.

When the moving party meets its initial burden on a summary judgment motion, "[t]he burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."  Id.  The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial.  See Balint v. Carson City, Nev., 180 F.3d 1047, 1054 (9th Cir. 1999).  On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor."  Miller, 454 F.3d at 988 (brackets omitted) (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)).

Summary judgment may also be appropriate when a mixed question of fact and law involves undisputed underlying facts. See EEOC v. UPS, 424 F.3d 1060, 1068 (9th Cir. 2005); Colacurcio v. City of Kent, 163 F.3d 545, 549 (9th Cir. 1998).

IV.        ANALYSIS.

          A.   Summary Judgment is Not Warranted.

          The Limitation Act allows a vessel owner to be

exonerated from liability or to "limit liability for damage or

injury, occasioned without the owner's privity or knowledge, to

the value of the vessel or the owner's interest in the vessel."

Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446 (2001).

The relevant provisions state:

>          (a) In general.--Except as provided in
>          section 30506 of this title, the liability of
>          the owner of a vessel for any claim, debt, or
>          liability described in subsection (b) shall
>          not exceed the value of the vessel and
>          pending freight.  If the vessel has more than
>          one owner, the proportionate share of the
>          liability of any one owner shall not exceed
>          that owner's proportionate interest in the
>          vessel and pending freight.
>
>          (b) Claims subject to limitation.--Unless
>          otherwise excluded by law, claims, debts, and
>          liabilities subject to limitation under
>          subsection (a) are those arising from any
>          embezzlement, loss, or destruction of any
>          property, goods, or merchandise shipped or
>          put on board the vessel, any loss, damage, or
>          injury by collision, or any act, matter, or
>          thing, loss, damage, or forfeiture, done,
>          occasioned, or incurred, without the privity
>          or knowledge of the owner.

46 U.S.C. § 30505.   Once the party seeking to recover damages

establishes what act or condition caused the injury, the vessel

owner bears the burden of proving lack of knowledge of the act or

condition and an absence of privity between the vessel owner and

6

the actor who caused the injury.   In re Bowfin M/V, 339 F.3d
1137, 1137 (9th Cir. 2003) (per curiam) (citations omitted).

The underlying liability issue must normally be
determined before a court addresses the limitation issue.   As the
Ninth Circuit said in In re Hechinger, 890 F.2d 202, 207 (9th
Cir. 1989), "Once a proper limitation of liability petition has
been filed, the court must first determine what acts of
negligence or conditions of unseaworthiness caused the accident.
. . .   That is, a liability must be shown to exist."   (citations
and modifications omitted).   The Ninth Circuit explained, "The
whole doctrine of limitations of liability presupposes that a
liability exists which is to be limited.   If no liability exists
there is nothing to limit."   Id. (quoting Northern Fishing &
Trading Co., Inc. v. Grabowski, 477 F.2d 1267, 1272 (9th Cir.
1973)).

Alconcel is asking this court to adjudicate the
limitation issue before Sailing Shipps' liability is resolved.
This court recognizes that, when no limitation was possible,
courts have sometimes dismissed limitation actions before any
determination of liability, thereby allowing injured parties to
have their claims adjudicated in their chosen forums.[1]   See Fecht

---

[1]   As discussed in Part B of this order, claims
asserted pursuant to the Limitation Act must be adjudicated in
federal court.   However, under the Saving to Suitors clause, 28
U.S.C. § 1333(1), "state courts, with all of their remedies, may
adjudicate claims . . . against vessel owners so long as the

v. Makowski, 406 F.2d 721, 722-23 (5th Cir. 1969); Keliihananui

v. KBOS, Inc., Civ. No. 09-00151 JMS/LEK, 2010 WL 2176105, at *12

(D. Haw. May 24, 2010) ("Courts have found that where privity and

knowledge are apparent, the proper course of action is to allow

the injured party to bring its own action so that a jury may

determine negligence." (citing Suzuki of Orange Park, Inc. v.

Shubert, 86 F.3d 1060, 1063 (11th Cir. 1996), and Fecht, 406 F.2d

at 722-23)); In re Skyrider, Misc. No. 89-0128 ACK, 1990 WL

192479, at *10 ("[T]he Ninth Circuit has intimated that it is

*preferable* to determine liability prior to proceeding to the

limitation determination." (citing Hechinger, 890 F.2d at 207)

(emphasis added)).   In the present case, however, the court

cannot say that the existence of knowledge or privity is so clear

that limitation is impossible.

 The present case is distinguishable from Fecht,

406 F.2d at 721.   In that case, the Fifth Circuit addressed the

limitation issue first because there was no question that the

owner of the boat in issue knew about the conditions that caused

the accident and thus did not qualify for protection under the

Limitation Act.   The claimant had been injured while the boat was

being operated by one of the individuals who owned the boat.   Id.

at 721-22.   The Fifth Circuit explained that "when an owner is in

---

vessel owner's right to seek limitation of liability is
protected."   Lewis, 531 U.S. at 445, 121 S.Ct. 993.

control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence." Id. at 722 (citations omitted).

Alconcel argues that the present case is analogous to Fecht and to In re Complaint of Gary Ingoglia, 723 F. Supp. 512 (C.D. Cal. 1989). In Ingoglia, a passenger was injured while on a boat that struck a wave. The boat owner had been operating the boat when the injury occurred. Id. Relying on Fecht, the United States District Court for the Central District of California granted summary judgment in favor of the injured passenger in the limitation action before liability was determined because it was apparent that the boat owner had knowledge of his own alleged negligence. Id. at 514-15.

Alconcel argues that, because Chimo Shipp is a part-owner of Sailing Shipps, this court should treat Chimo Shipp like the boat owners in Fecht and Ingoglia. He contends that Chimo Shipp's alleged negligence caused Alconcel's injuries, and that Sailing Shipps either had knowledge of the conditions that caused Alconcel's injuries or was in privity with Chimo Shipp.

However, unlike the boats in Fecht and Ingoglia, the boat in this case was owned by a corporation. Chimo Shipp is a shareholder in the corporation, not a direct part-owner as an individual. When a shareholder's negligence is in issue, the

9

corporation had knowledge of the negligence or was in privity with the shareholder only if the shareholder was a managing officer or a supervisory employee.  See <u>United States v. Standard Oil Co. of Cal.</u>, 495 F.2d 911, 917 (9th Cir. 1974); <u>Admiralty Towing Co. v. Woolen</u>, 290 F.2d 641, 648 n.5 (9th Cir. 1961) ("The knowledge or privity of a corporate owner must always be imputed. When a corporate owner is involved the significant question is how high in the ranks of the corporation was the individual who had the privity or knowledge." (citations omitted)); <u>The Princess Sophia</u> (In re Canadian Pac. Ry. Co.), 61 F.2d 339, 346 (9th Cir. 1932) ("When the owner is a corporation, the privity or knowledge must be that of its managing officers.").  Nothing in the record establishes that Chimo Shipp is a managing officer or supervisor. Thus, the present record does not demonstrate that Sailing Shipps may be deemed to have known of Chimo Shipp's alleged negligence, or that Sailing Shipps was in privity with Chimo Shipp.

The court is unpersuaded by Alconcel's citation to <u>Flink v. Paladini</u>, 279 U.S. 59 (1929), in support of his position that Chimo Shipp's status is sufficient to establish that Sailing Shipps had knowledge of Chimo Shipp's alleged negligence. Although the Supreme Court stated that, when a corporation owns a boat, its stockholders are also owners of the boat under the Limitation Act, Alconcel takes that statement out of context. <u>Flink</u> addressed whether a stockholder could seek the protection

of the Limitation Act to limit the stockholder's own liability

when, under state law, that stockholder could be held personally

liable for the debts of the corporation.  The Supreme Court was

not addressing whether a stockholder's acts or knowledge could be

imputed to the corporation such that the corporation would be

held responsible for the stockholder's negligence.

Moreover, the parties identify no reason that this

court must determine the limitation issue first.  In Fecht, 406

F.2d at 722-23, the Fifth Circuit held that the district court

should have dismissed the limitation action even though liability

had not yet been determined to allow the claimants to adjudicate

their claim in state court, which they were entitled to do under

the Saving to Suitors Clause, 28 U.S.C. § 1333.  Id. at 722-23.

The Fifth Circuit explained:

> where no limitation is possible the damage
> claimants are entitled to have the injunction
> against other actions dissolved, so that they
> may, if they wish, proceed in a common law
> forum as they are entitled to do under the
> saving to suitors clause.  28 U.S.C. § 1333.
> . . .  The reason for enjoining state court
> suits is to distribute effectively a limited
> fund in a single proceeding, not to
> ["]transform the [Limitation] Act from a
> protective instrument to an offensive weapon
> by which the shipowner could deprive suitors
> of their common-law rights . . . .["] Lake
> Tankers Corp. v. Henn, 354 U.S. 147, 152, 77
> S.Ct. 1269, 1272, 1 L.Ed.2d 1246, 1251
> (1957).

Id.  Accord Ingoglia, 723 F. Supp. at 515 (citing Fecht, 406 F.2d

722-23).  In the present case, as discussed below, the limitation

11

issue need not be decided before Alconcel can adjudicate his claim in state court.  The court thus declines to resolve the limitation issue before Sailing Shipps' alleged liability is determined.

### B.   Lifting the Injunction.

As an alternative to his summary judgment motion, Alconcel asks this court to lift its injunction and allow his negligence claim to proceed in state court.  The court agrees that lifting the injunction is appropriate.

Under 28 U.S.C. § 1333(1), "Federal Courts have exclusive jurisdiction over admiralty and maritime claims." Lewis, 531 U.S. at 440.  Admiralty and maritime law involves a variety of rights, duties, rules, and procedures, including the Limitation Act.  Under the Limitation Act, a federal district court is the proper adjudicator of Limitation Act claims.  Id. at 448.

While statutorily granting exclusive jurisdiction to federal courts over admiralty and maritime claims, § 1333(1) also "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled."  28 U.S.C. § 1333(1).  The Supreme Court has recognized that "[s]ome tension exists between the Saving to Suitors clause and the Limitation Act.  One statute gives suitors the right to a choice of remedies, and the other statute gives

vessel owners the right to seek limitation of liability in federal court." <u>Lewis</u>, 531 U.S. at 448.

In <u>Lewis</u>, 531 U.S. at 440-41, an injured deckhand filed a state lawsuit.  In anticipation of that suit, the vessel's owners had filed a complaint for exoneration from and limitation of liability.  <u>Id.</u> at 441.  After noting the "tension" between the deckhand's right to seek redress in state court and the vessel owner's right to seek exoneration from and limitation of liability in federal court, the Supreme Court reiterated the need to preserve the rights of both parties.  <u>Id.</u> at 449.  The Supreme Court ruled that the district court had the discretion to dissolve the injunction issued in the Limitation Act case and to allow the state court action to proceed under the Saving to Suitors clause if the vessel owner's rights under the Limitation Act were preserved:

> The district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court.  If the district court concludes that the vessel owner's right to limitation will not be adequately protected--where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims--the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.  But where, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to

13

> dissolve the injunction is well within the
> court's discretion.

Id. at 454 (internal citations omitted).

The Ninth Circuit has also held that, "where a single claim is involved, . . . the injunction must be dissolved unless the owner can show that his right to a limitation of liability will be prejudiced." In re Complaint of Ross Island Sand & Gravel ("Ross Island"), 226 F.3d 1015, 1017 (9th Cir. 2000). See also Lewis, 531 U.S. at 451 (recognizing that courts of appeals have permitted claimants to proceed with their claims in state courts when there is only a single claimant).

"Under the 'single claimant exception,' if only one claim has been filed and 'nothing appears to suggest the possibility of another claim,' a district court is required to dissolve its injunction to permit the single claimant to pursue a separate action and jury trial." Ross Island, 226 F.3d at 1017 (quoting Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983)). Before a court may dissolve the injunction a claimant must do the following:

> (1) [stipulate] that the value of the
> limitation fund equals the combined value of
> the vessel and its cargo; (2) waive the right
> to claim res judicata based on any judgment
> rendered against the vessel owner outside of
> the limitation proceedings; and (3) concede
> the district court's exclusive jurisdiction
> to determine limitation of liability issues.

14

_Id._; _accord_ _In re Complaint of the San Francisco Bar Pilots_,
2006 WL 16879, at *2 (N.D. Cal. Jan. 3, 2006).  Generally, such a
stipulation adequately protects a vessel owner's rights.  _See_
_Lewis_, 531 U.S. at 452-54.

     Sailing Shipps' rights under the Limitation Act are
protected by Alconcel's stipulations.  The parties stipulate:

> (1)  that the value of the limitation
> fund equals the combined value of the vessel
> and its cargo;
> (2)  that Claimant ALCONCEL waives the
> right to claim res judicata based on any
> judgment rendered against Limitation
> Plaintiff outside of the limitation
> proceedings; . . .
> (3)  that the district court has
> exclusive jurisdiction to determine
> limitation of liability issues after the
> conclusion of the action in Hawai`i state
> court, if any.
> (4)  that Limitation Plaintiff may re-
> file a complaint under the Limitation of
> Liability Act and that the date of filing of
> the complaint shall relate back to the filing
> of the original Limitation of Liability
> Complaint in Civil No. 11-00171.
> (5)  that Claimant ALCONCEL agrees not
> to raise a defense to the re-filed Limitation
> of Liability Complaint based upon the six (6)
> month time limit to bring actions under the
> Limitation of Liability Act.

Stipulation Re: Single Claim Exception 3-4, July 6, 2012.

     Sailing Shipps does not show that it will be prejudiced
if Alconcel is permitted to litigate his negligence claim in
state court.  Sailing Shipps argues that Alconcel's negligence
claim against Sailing Shipps overlaps with evidence relevant to
whether Chimo Shipp's alleged negligence can be imputed to

Sailing Shipps under the Limitation Act, such as whether Sailing Shipps knew about the incident or whether Chimo Shipp was employed in a managerial capacity at Sailing Shipps.  Sailing Shipps says that allowing the negligence action to proceed in state court will "invade the exclusive purview" of this court to decide limitation issues.

Because Alconcel has waived his right to assert claim preclusion and issue preclusion and concedes that this court has exclusive jurisdiction over limitation issues, this court will not be precluded from making rulings and findings necessary to adjudicate the limitation issue.  Moreover, the court does not envision state court factual findings germane to whether Chimo Shipp's alleged acts or knowledge should be imputed to Sailing Shipps for Limitation Act purposes.  Alconcel's negligence claim against Sailing Shipps is based on a respondeat superior theory, under which "an employer may be liable for the negligent acts of its employees that occur within the scope of their employment." Wong-Leong v. Hawaiian Independent Refinery, Inc., 76 Haw. 433, 439, 879 P.2d 538, 544 (Haw. 1994).  Whether a shareholder's negligence may be imputed to a corporation turns on whether that owner is a managing officer or a supervisory employee, not on whether that owner was acting in the scope of his or her employment when the injury occurred.

The court is also unpersuaded by Sailing Shipps' argument that allowing a state court to adjudicate the negligence claim will result in excessive delay and additional expenses. Such concerns do not outweigh Alconcel's right under the Saving to Suitors clause to seek redress in state court.  Cf. In re Hyatt Corp., 262 F.R.D. 538, 547 (D. Haw. 2009) (affirming a magistrate judge's conclusion that claimants' right under the Saving to Suitors clause to state court remedies weighed in favor of bifurcating a case so that the claimants could pursue their damages in state court).

Finally, despite its statement that litigating the negligence issue in state court will lead to inconsistent results, Sailing Shipps fails to explain how a state court ruling on negligence might be inconsistent with a federal court's ruling on limitation.

Because Sailing Shipps' Limitation Act rights will be protected by Alconcel's stipulations, this court lifts the stay issued in this case to allow Alconcel to proceed against Sailing Shipps in state court.

V.   CONCLUSION.

Alconcel's motion for summary judgment is DENIED.  The court lifts the injunction issued in this case to allow Alconcel to proceed with his state lawsuit against Sailing Shipps under the Saving to Suitors clause.

17

The court DENIES Alconcel's request to stay this action.  Instead, this action is DISMISSED pursuant to the court's discretion, set forth in Lewis, 531 U.S. at 454.

To preserve Sailing Shipps' right to have its claims for exoneration from and limitation of liability adjudicated in federal court, Sailing Shipps may file, once the state proceeding has been fully and finally adjudicated, another federal action for exoneration from or limitation of liability arising out of the incident in issue.  The applicable filing fee is waived if Sailing Shipps provides the Clerk of Court with a copy of this order upon filing any such new federal action.  For any such refiled case, the filing date shall relate back to the date this action was filed so long as the refiled case is filed with this court within 60 days of when the judgment in the state action becomes final.  In other words, if Sailing Shipps files another federal petition for exoneration from and limitation of liability arising out of the incident in issue within 60 days of completion of the latest of state trial proceedings, completion of state appellate proceedings, or any remand or appeal therefrom, that newly filed petition shall be timely.

If the procedure for refiling set forth in the previous paragraph becomes impractical or risks compromising any party's rights or otherwise prejudices any party, that party may, in lieu

of the procedure set forth above, seek to reopen this case by filing an appropriate motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2012.



 /s/ Susan Oki Mollway 
Susan Oki Mollway
Chief United States District Judge

In the Matter of the Complaint of Sailing Shipps, Ltd.; Civil No. 11-00171 SOM/BMK;
ORDER DENYING SUMMARY JUDGMENT, AND DISMISSING THE LIMITATION ACTION AND LIFTING
INJUNCTION